**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JOHNNY LEE MASCARO,<br><br>             Plaintiff,<br><br>       v.<br><br>FORWARD IMPRESSIONS, et al.,<br><br>             Defendants. | Case No. 2:19-cv-00813-APG-CWH<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

     Pro se plaintiff Johnny Lee Mascaro brings this civil-rights case based on a dispute with Forward Impressions, which the court understands to be Mascaro's landlord. Mascaro submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens his complaint.

**I.     ANALYSIS**

    **A.  Screening standard**

     Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and

may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Mascaro alleges he moved into 717 Damon Drive on April 3, 2017, and he pays $550.00 in rent. (Compl. (ECF No. 1-1) at 1.) According to Mascaro, he was told by Andrew—the son of the owner of Forward Impressions, which the court understands to be his landlord—that he "would enjoy cable TV, a phone (land line) and three meals a day . . . ." (*Id.*) Mascaro alleges that after three or four days, there was no cable television, no news, and only one meal per day. (*Id.*) Mascaro further alleges he offered to pay an extra $50.00 for food or to give the house manager his food card and its pin number, but that the refrigerator and pantry were kept locked. (*Id.*) Mascaro now brings this complaint stating that these actions violated his civil rights and denied him the pursuit of happiness. (*Id.*) Mascaro seeks $10 million in damages. (*Id.*)

Liberally construing Mascaro's complaint, it appears to the court he is attempting to bring a civil-rights lawsuit under 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights, but it provides a method for enforcing rights contained in the Constitution or federal

statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). However,

> conduct of a private individual constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself, such as when the nominally private actor is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control.

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotations omitted). Further, "[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quotation omitted).

Here, the court finds Mascaro does not state a claim under § 1983 because he does not allege that Forward Impressions or Andrew or the house manager were acting under color of state law when they deprived him of cable television, a landline, and three meals per day. Rather, even liberally construing the complaint, it appears the defendants are private individuals, not state actors. Mascaro does not allege any facts indicating that there was a nexus between state actors and defendants or a delegation of authority from state actors to defendants. Nor does Mascaro allege facts indicating that there was a conspiracy between state parties and defendants. Given these deficiencies, the court will recommend dismissal of the complaint with leave to amend.

**A. Amendment**

If Mascaro chooses to amend, he must include factual allegations demonstrating that defendants were acting under the color of state law. Additionally, Mascaro is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other

documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II.     CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file plaintiff's complaint (ECF No. 1-1).

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED with leave to amend.

## III.    NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 11, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE